BOROUGH OF FLORHAM PARK, A MUNICIPAL CORPORA-
TION, AND OTHERS, PROSECUTORS, v. DEPARTMENT
OF HEALTH OF THE STATE OF NEW JERSEY, AND
OTHERS, DEFENDANTS.

Argued May 8, 1929—Decided June 5, 1929.

Before Justices PARKER, BLACK and BODINE.

For the prosecutors, *Robert E. Burke* and *Hobart &
Minard.*

For the defendants, *Howard F. Barrett.*

PER CURIAM.

Certain residents of Florham Park applied to the mayor
and council and the board of health of the borough for ap-
proval of a plan for the establishment of a cemetery on the
Hancock property, a tract of about forty acres in that borough.
On June 4th, 1928, the mayor and council rejected the applica-
tion. On June 11th, 1928, the board of health of the borough
took similar action.

The promoters of the cemetery then applied to the state board of health, and on December 4th, 1928, a hearing was held by that board. At this hearing four members of the board were present. On February 5th, 1929, the permit was granted at a meeting of the board; six members being present and five qualified to vote.

The state board of health functions under chapter 288 of the laws of 1915, page 517. Under chapter 94 of the laws of 1922, page 175, the board is composed of eleven members.

At the time of the hearing and determination of the question in issue there were eleven qualified members of the board.

There is no provision in the statute with respect to the number of the board that shall constitue a quorum for the transaction of business, although the board is empowered to make rules. It has, by rule, provided that five members shall constitute a quorum.

This it cannot do. The rule of law is succinctly stated in 43 *Corp. Jur.* 502 as follows: "A municipality may not fix its own quorum, either where there is a statute or charter provision fixing it, or in the absence thereof. If the charter is silent and there is no general law fixing a statutory quorum, then the common law rule of majority will govern, notwithstanding there may be a municipal by-law, rule or order prescribing a greater or less number for a quorum." See, also, 2 *Dill. Mun. Corp.* (5th ed.), § 521; *Barnert* v. *Paterson,* 48 *N. J. L.* 395; *Oxford* v. *Delaware, Lackawanna and Western Railroad,* 64 *Id.* 195; *Brown* v. *District of Columbia,* 127 *U. S.* 579; *United States* v. *Ballin,* 144 *Id.* 1.

The state board being composed of eleven members no less than a majority can constitute a quorum. At the meeting of the board on December 4th, 1928, there was not a majority present. At the meeting of February 5th, 1929, Dr. Potts, the sixth member of the board present, was disqualified and did not participate because he was engineer for the borough of Florham Park. A member who is disqualified cannot be counted to make a quorum. *Metropolitan Tel. Co.* v. *Domestic Tel. Co.,* 44 *N. J. L.* 568, 573.

It is argued that since the board has power to adopt rules it can change the rule with respect to a quorum. This, however, is not so. See *Barnert* v. *Paterson,* 48 *N. J. L.* 395; *Outwater* v. *Carlstadt,* 66 *Id.* 510; *Tappan* v. *Long Branch,* 59 *Id.* 371.

Since the action of the board was not properly taken, it is unnecessary to consider the other points raised.

The action of the state board will be set aside.